Mikeisha **BLACKMAN,**
et al., **Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,**
et al., **Defendants.**

**James Jones, et al., Plaintiffs,**

v.

**District of Columbia, et
al., Defendants.**

**Nos. CIV.A.97–1629(PLF),
CIV.A.97–2402(PLF).**

United States District Court,
District of Columbia.

Nov. 5, 2003.

Reath, Margaret A. Kohn, Kohn & Einstein, James Edward Brown, James L. Brown & Associates, PLLC, Travis Anthony Murrell, Murrell & Brown, James E. Williams, III, Elizabeth Tacy Jester, Jester & Williams, Arthur Hughes Fawcett, Jr., Fawcett & Fawcett, Urenthea McQuinn, Maria Ludmila Merkowitz, Office of Corporation Counsel, D.C., Laura N. Rinaldi, Matthew I. Fraidin, The Children's Law Center, Jesse P. Goode, Department of Human Services, Office of General Counsel–St. Elizabeths, Charles Anthony Moran, Ronald Lee Drake, Donna Lee Wulkan, Anna Elizabeth Jenefsky, Karen D. Alvarez, Lawrence Hart Huebner, Washington, DC, Haylie Michelle Iseman, Michael J. Eig & Associates, P.C., Michael Jeffrey Eig, Carolyn W. Houck, Chevy Chase, MD, Paul Leonard Chassy, Chassy & Chassy, Kensington, MD, Daniel Adlai Katz, Andalman & Flynn, Silver Spring, MD, Ellen Douglass Dalton, Paul S. Dalton, William E. Houston, Dalton & Dalton, P.C., Alexandria, VA, Diana Marjorie Savit, Bowytz, Savit, Szymkowicz, LLP, Bethesda, MD, Matthew Barry Bogin, Futrovsky, Nitkin & Scherr, Chartered, Rockville, MD, for Plaintiffs.

Cary Dale Pollack, Daniel A. Rezneck, Jeffery Thomas Infelise, Robert C. Utiger, Eden I. Miller, Robert Ray Rigsby, William Randolph Morel, Melvin W. Bolden, Jr., Office of Corporation Counsel, D.C., Charlotte Anne Bradley, U.S. Attorney's Office, Daniel Herbert Margolis, Patton Boggs, LLP, Lisa Annette Bell, Office of the General Counsel, Cathye Hopkins, Veleter Mazych, DCPS General Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

Andrew L. Lipps, Ky Elaine Kirby, Swidler, Berlin, Shereff & Friedman, L.L.P., Myrna L. Fawcett, Bonita Alexis Jones–Moon, Fawcett & Fawcett, Tamara Lynn Seltzer, Bazelon Center for Mental Health Law, Alisa H. Reff, Drinker, Biddle &

This matter is before the Court for consideration of several motions filed by cer-

tain parents on behalf of their children in response to actions allegedly taken by Terry Michael Banks, a defendant District of Columbia Public Schools ("DCPS") administrative due process hearing officer. Upon consideration of the parties' briefs, the Court concludes that plaintiffs' claims and requests for relief do not fall within the class as defined in these consolidated actions. It therefore will deny plaintiffs' motions without prejudice.

## I. BACKGROUND

Lisa Ann Thomas, parent and next friend of Alan Terrelle Thomas, filed a Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers ("Thomas Mot."). Ms. Thomas asserts that DCPS Hearing Officer Terry Michael Banks issued a hearing officer determination ("HOD") to which Ms. Thomas had objections. *See* Thomas Mot. ¶ 8. Ms. Thomas therefore filed a motion for reconsideration in which she noted an error in the HOD in the calculation of the time period at issue, and asserted that the hearing officer improperly had shifted the burden of proof to the parent in violation of District of Columbia Municipal Regulation Title 5 Section 3030.3. *See* Thomas Mot. ¶¶ 8–9. Ms. Thomas asserts that Mr. Banks improperly denied the motion for reconsideration, inappropriately noted that her right to appeal the HOD had expired, and improperly communicated *ex parte* with DCPS representatives concerning her claims after the HOD was issued. *See id.* ¶¶ 10–14.

In her prayer for relief, Ms. Thomas requests: "(a) [t]hat the Court appoint a monitor to review and report to the Court for its further action on DCPS's policies, practices, procedures, selection procedures, training and discipline DCPS SHO [Student Hearing Office] hearing officers, to assure that the hearing officers are

actually qualified and are impartial; (b) [t]hat the Court direct the monitor to develop and present to the Court a proposed recusal procedure for DCPS SHO hearing officers; (c) [t]hat the Court set aside the erroneous Hearing Officer's Determination in this matter, and remand it to the DCPS SHO for re-hearing by a qualified impartial hearing officer; and (d) [s]uch other relief as this Court may consider just and proper in the premises." Thomas Mot. at 6.

Walermonera Calleo, Geraldine Quander Thompson and Helen Louise Robinson individually filed motions to join the motion for appointment of a monitor. With respect to his individual child's claim, Mr. Calleo asserts that after a due process hearing at which Mr. Calleo and defendants presented to Hearing Officer Banks an agreement for entry as the HOD, Mr. Banks entered an HOD but substantially altered the terms of the agreement in favor of defendants without consulting the parties. *See* Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Walermonera Calleo, parent and next friend of Kuron Konnoppitti Calleo ¶¶ 1–2. Ms. Thompson asserts that Mr. Banks improperly refused to recuse himself as hearing officer on her child's case and wrongfully denied Ms. Thompson's motion to continue the hearing in order to address her concerns about Mr. Banks's impartiality. *See* Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Geraldine Quander Thompson, parent and next friend of Randall Jerome Thompson ¶¶ 2–4. Ms. Robinson asserts that Mr. Banks improperly castigated plaintiffs' counsel at

her child's due process hearing, prematurely adjourned the hearing and issued an HOD that imposed a number of restrictions that were not discussed at the hearing. *See* Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Helen Louise Robinson, parent and next friend of Michelle L. Robinson ¶¶ 1–5.

Calvin Harold Gilbert filed a motion to join the motion for appointment of a monitor and for a preliminary injunction. In his motion, Mr. Gilbert asserts that at the due process hearing of his child Hearing Officer Banks improperly denied Mr. Gilbert's motions to recuse Mr. Banks, to continue the hearing or to deny Mr. Gilbert's claims without prejudice, all of which were in response to the hearing officer's alleged improper *ex parte* communications with DCPS on another matter brought by Mr. Gilbert's counsel. *See* Emergency Motion for a Preliminary Injunction and Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Calvin Harold Gilbert, parent and next friend of Cameron Harrison Gilbert ¶¶ 2–5. Mr. Gilbert also asserts that Mr. Banks acted unprofessionally towards plaintiffs' counsel, prematurely concluded the hearing and scheduled a continuation of the hearing beyond the limitations imposed by the District of Columbia Municipal Regulations. *See id* ¶¶ 6–13. Mr. Gilbert seeks a preliminary injunction ordering DCPS to schedule a hearing on Mr. Gilbert's request to be heard by a DCPS hearing officer other than Mr. Banks or Hearing Officer Frederick Woods, or, in the alternative, to permit recusal by declaration of counsel, or, in the alternative, "referral to the Special Master

for hearing and disposition." *Id.* at 1, 6. The Court will grant the motions to join, and will consider the claims together with the claims of Ms. Thomas.

## II. DISCUSSION

On May 14, 1998, the Court certified a class in these consolidated actions. *See Blackman v. District of Columbia*, Civil Action No. 97–1629, Order (D.D.C. May 14, 1998). The Court defined the class as:

All persons and their next friends who, now and in the future, present complaints to DCPS and request an impartial due process hearing relating to a child's identification, evaluation, educational placement or the provision of a free appropriate public education pursuant to Section 615(b)(6) of the [Individuals with Disabilities Act, 20 U.S.C. §§ 1400 *et seq.*] and implementing regulations, and (a) whose requests for impartial due process hearings under Section 615(f) of the IDEA and D.C. Mun. Regs. Tit. 5, § 3021.5 have not been timely granted according to those provisions; or (b) who fail to obtain DCPS' full and timely implementation of an impartial hearing officer's order issued in accordance with Section 615 of the IDEA, 20 U.S.C. §§ 1415 *et seq.;* or (c) who fail to obtain DCPS' full and timely implementation of a settlement agreement with DCPS made in accordance with Section 615 of the IDEA, 20 U.S.C. §§ 1415 *et seq.*

*Id.* at 2.

The Court concurrently designated two subclasses. The first included "[a]ll persons now, and in the future, who present complaints to DCPS pursuant to Section 615(b)(6) of the IDEA and whose requests for impartial due process hearings under Section 615(f) of the IDEA and D.C. Mun. Regs. Tit. 5, § 3021.5 are overdue according to these provisions; and their next

friends." Order of May 14, 1998 at 2. The second subclass included "[a]ll children, now and in the future, who are entitled to have DCPS provide them with a free appropriate public education [FAPE] and who have been denied same because DCPS either (a) has failed to fully and timely implement the determinations of hearing officers, or (b) failed to fully and timely implement agreements concerning a child's identification, evaluation, educational placement, or provision of FAPE that DCPS has negotiated with the child's parent or educational advocate." *Id.* at 2–3.

■ Upon review of plaintiffs' positions, the Court concludes that none of plaintiffs' claims fall within the boundaries of the certified class or subclasses. Plaintiffs' claims are not based on defendants' failure to provide timely due process hearings or their failure to implement hearing officer determinations or settlement agreements. Nor is plaintiffs' requested relief predicated on injuries stemming from such failures. Instead, plaintiffs' claims stem from alleged improper bias on the part of a SHO hearing officer and from other derelictions of duty. Although Ms. Thomas and Mr. Gilbert allege that their children's due process hearings were delayed or continued improperly, they charge that the basis for the delays is Mr. Banks's bias.

Plaintiffs' claims, if true, are serious. They may be proper bases for appeal from the HOD's, or they may possibly form the basis for a separate, unrelated lawsuit or for an internal review by the Superintendent of Schools or other appropriate DCPS official. They are not, however, a proper part of these consolidated class action cases. Accordingly, it is hereby

ORDERED that the Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Walermonera Calleo, parent and next friend of Kuron Konnoppitti Calleo [1337–1] is GRANTED;

ORDERED that the Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Geraldine Quander Thompson, parent and next friend of Randall Jerome Thompson [1301–1] is GRANTED; it is

FURTHER ORDERED that the Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Helen Louise Robinson, parent and next friend of Michelle L. Robinson [1336–1] is GRANTED; it is

FURTHER ORDERED that the Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers [1300–1] is DENIED without prejudice; and it is

FURTHER ORDERED that the Emergency Motion for a Preliminary Injunction and Motion for Leave to Join in Pending Motion for Appointment of a Monitor to Assure Impartiality and Proper Training of District of Columbia Public Schools Student Hearing Office Hearing Officers, Claim of Calvin Harold Gilbert, parent and next friend of Cameron Harrison Gilbert [1335–1] is GRANTED with respect to the motion to join the motion to appoint a monitor and DENIED without prejudice with respect to the motion for a preliminary injunction.

SO ORDERED.